Eric Slocum Sparks
Arizona State Bar No. 11726
LAW OFFICES OF ERIC SLOCUM SPARKS, P.C.
110 South Church Avenue, #2270
Tucson, Arizona 85701
Telephone (520) 623-8330
Facsimile (520) 623- 9157
eric@ericslocumsparkspc.com
Attorney for Debtors/Plaintiffs

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANTOINE SIMON and<br>VIVIAN SIMON,<br><br>   Debtors.<br>_____<br><br>ANTOINE SIMON and<br>VIVIAN SIMON,<br><br>   Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE and their successors or assigns,<br><br>   Defendants.<br>_____ | Case No. 4:08-bk-00529-EWH<br><br>(Chapter 13)<br><br><br><br><br>Adv. No. 4:09-ap-00804-EWH<br><br>**RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM ORDER AVOIDING LIEN ON REAL PROPERTY PURSUANT TO FED. R. CIV. P. 60(b)(3)**<br><br>[RE: 4438 E. Pinnacle Ridge Place] |

  COMES NOW, Antoine Simon and Vivian Simon, Debtors, Plaintiffs in the above captioned adversary proceeding ("Plaintiffs"), by and through counsel undersigned and file this response in opposition to the *Motion for Relief from Order Avoiding Lien on Real Property Pursuant to Fed. R. Civ. P. 60(b)(3)* (the "Motion") filed by Citimortgage and their successors or assigns ("Defendants"). The response is supported by the attached Memorandum of Points and Authorities.

  RESPECTFULLY SUBMITTED this 19th day of November, 2009.

              LAW OFFICES OF
              ERIC SLOCUM SPARKS, P.C.


              /s/ Sparks AZ # 11726
              Eric Slocum Sparks
              Attorney for Debtors

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTUAL BACKGROUND

1. Plaintiffs filed their petition for Chapter 13 on January 18, 2008.

2. Plaintiffs have an interest in the real property ("the Property") located at 4438 E. Pinnacle Ridge Place, Tucson, AZ 85718, legally described as:

   LOT 49, PINNACLE RIDGE, ACCORDING TO THE PLAT RECORDED IN BOOK 53 OF MAPS AND PLATS, PAGE 52, RECORDS OF PIMA COUNTY, ARIZONA.

3. The property is encumbered by a first position lien in the amount of $783,699.20 held by America's Servicing Company, evidenced by a Deed of Trust dated May 3, 2006 and recorded in the office of the Pima County Recorder.

4. Plaintiffs believed that Defendants would allege they have a second mortgage on Plaintiffs home in the amount of $142,172.82, which Plaintiffs believe is unsecured as no equity exists beyond the first mortgage.

5. Plaintiffs believe that Defendants' claim is unsecured for the following reasons:

   a. The Deed of Trust is subordinate to the first Deed of Trust held by America's Servicing Company, and

   b. The amount of the loan secured by the first Deed of Trust is greater than the value of the residence, i.e., the first lien holder, America's Servicing Company, has a secured claim of $783,699.20 while the value of the residence is less than the amount of the first lien. *See* Declaration of Antoine Simon and Vivian Simon, Doc. #1, EXHIBIT A.

6. On July 20, 2009, Plaintiffs filed a Complaint (the "Complaint") to determine the secured status of Defendants' lien pursuant to §506. (Doc. #1.)

7. Defendants were served as was their counsel, Tiffany and Bosco, who had filed a notice of appearance in this case.

8. Defendants failed to respond with their own valuation of the Property, or with a response of any kind.

9. On September 2, 2009, **forty four (44) days later**, this Court entered an *Order*

|   |   |   |
|---|---|---|
| 1 | | *Avoiding Lien on Real Property* (the "Order"). (Doc. #4.) The Order stripped |
| 2 | | Defendants' lien and status as a secured creditor. |
| 3 | 10. | On November 11, 2009, seventy days after entry of the Order and **114 days from** |
| 4 | | **the filing of the Complaint**, Defendants filed the Motion seeking relief pursuant |
| 5 | | to Federal Rule of Civil Procedure 60(b)(3). |
| 6 | 11. | In the Motion, Defendants provided a Broker Price Opinion ("BPO") which |
| 7 | | values the Property at $980,000.00 and which allegedly provides information |
| 8 | | obtained from the Multiple Listing Service ("MLS"). |

## II. LEGAL ARGUMENT

For reasons unknown, Defendants waited approximately 114 days, well after an order for relief had been entered and filed before responding to the Complaint. Defendants had ample opportunity to refute Plaintiffs' estimate of the value of the Property and failed to do so. Thus, the Motion should be denied for failure to meet either element required under Rule 60(b)(3).

To prevail pursuant a Rule 60(b)(3) motion, the moving party must prove by clear and convincing evidence that (1) the verdict was obtained through fraud, misrepresentation, or other misconduct and (2) the conduct complained of prevented the losing party from fully and fairly presenting the defense. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004). Clear and convincing evidence is a higher standard requiring a high probability of success. *See*, e.g., Colorado v. New Mexico, 467 U.S. 310, 316, 81 L. Ed. 2d 247, 104 S. Ct. 2433 (1984).

Federal Rule of Civil Procedure 60(b)(3) requires that fraud not be discover-able by due diligence before or during the proceedings. *Casey v. Albertson's*, 362 F.3d at 1260; FED. R. CIV. P. 60(B)(3). Fraud upon the court is "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases." *In re Intermagnetics Am., Inc.*, 926 F.2d 912, 916 (9th Cir. 1991).

"When a motion under Rule 60(b)(3) is based on negligent misrepresentation, it is important that the moving party be required to demonstrate that the misrepresentation prevented it from presenting its case." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1405

(9th Cir. 1987).

"[Rule 60(b)(3)] is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id*.

**<u>Defendants failed too meet the elements and burden pursuant to Rule 60(b)(3).</u>**

Defendants failed to meet the heavy burden required to overturn this Court's judgment pursuant to Rule 60(b)(3). Defendants allege that "the circumstances here provide clear and convincing evidence that [Plaintiffs'] Declaration misrepresented the actual value of the [P]roperty." (Doc. #8, P. 5.) Defendants scoff at Plaintiffs' proffered value and allege that it was conceived in order to produce a favorable outcome. The simple fact is that despite any disagreement between the parties on the value of the Property, Defendants cannot meet either element of Rule 60(b)(3). Defendants could have responded to the Complaint if they disputed the Debtors' opinion of value of its principal residence.

**A. Plaintiffs actions do not constitute fraud or misrepresentation.**

Plaintiffs object to any allegations of misrepresentation raised by Defendants. Defendants cannot prove by clear and convincing evidence that Plaintiff's actions constituted such misconduct.

Plaintiffs developed a workable chapter 13 plan and filed the Complaint to initiate a lien strip proceeding using the resources they had available to them. Any alleged lack of data to support Plaintiffs' Property value cannot constitute misrepresentation. The judgment rendered was not obtained unfairly. Plaintiffs' did not and do not intend to deceive the Court or Defendants. Defendants could have responded to the Complaint if it disputed Plaintiffs' opinion of value of their principal residence. Counsel for Defendants is well aware that the valuation procedures are an inexact science and that the valuation of a home under a lien strip adversary proceeding can be a hotly contested issue, if, a creditor files a timely objection. The fact that Plaintiffs' proffered value was such that the Court's acceptance would further Plaintiffs' efforts in executing a lien strip cannot and does not in itself constitute misrepresentation. Contrary to the allegations, Defendants have not met their burden under Rule 60 to set aside this Court's order.

**B. Plaintiff's "conduct" did not prevent Defendants from presenting their case.**

In the Motion, Defendants clearly demonstrated that they were fully capable of producing a thorough home value analysis or BPO, yet, they failed to respond with any such information while the Complaint sat on the docket for 44 days after service was effectuated on Defendants and counsel. (Doc. #8, P.4.) The simple reality is that Plaintiffs *did not* prevent Defendants from presenting their case. Plaintiffs did not engage in any action that prevented Defendants from at the very minimum, filing a response to the Complaint disputing Plaintiffs' opinion of value. Defendants do not dispute that they were issued proper service and had full notice of the Complaint and its ramifications, yet they did nothing. They waited till seventy days after entry of the Order before filing the Motion, in which they now suddenly dispute the value proffered by Plaintiffs. The Court is simply not presented with a situation where a plaintiff's actions actually prevented defendants from presenting their case. Moreover, with respect to determination of property value during "lien strip" adversary proceedings, the Ninth Circuit favors the debtor's proffered value when such value is not refuted by the lienholder. *See Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. Cal. 2004) (holding that since the bank provided no contrary evidence, the bankruptcy court was well justified in relying on the debtor's affidavit of value).

**CONCLUSION**

Defendants failed to respond to the Complaint and provide no reason for the delay. Accordingly, this court took prudent action and awarded a default judgment. Defendants cannot meet their burden pursuant to Rule60(b)(3) and the Motion should be denied.

WHEREFORE Plaintiffs request that this Honorable Court deny the relief requested by Defendants and grant any further relief this Court deems necessary.

RESPECTFULLY SUBMITTED November 19, 2009.

          LAW OFFICES OF
          ERIC SLOCUM SPARKS, P.C.

          /s/ Sparks AZ # 11726
          Eric Slocum Sparks
          Attorney for Debtors/Plaintiffs

| | |
|---|---|
| 1 | Copy of the foregoing mailed<br>November 19, 2009 to: |
| 2 | |
| 3 | Mark S. Bosco, Esq.<br>Tiffany & Bosco, P.A.<br>2525 E. Camelback Road |
| 4 | Phoenix, AZ 85016<br>Attorney for Defendants |
| 5 | |
| 6 | Dianne C. Kerns, Esq.<br>Chapter 13 Trustee<br>7320 N. LaCholla #154-413 |
| 7 | Tucson, AZ 85741 |
| 8 | United States Trustee |
| 9 | 230 N. First Ave. #204<br>Phoenix, AZ 85003 |
| 10 | Defendant: |
| 11 | President and CEO Sanjiv Das<br>CitiMortgage, Inc. |
| 12 | 1000 Technology Dr.<br>O'Fallon, MO 63368 |
| 13 | CT Corporation, Statutory Agent for CitiMortgage, Inc. |
| 14 | 120 SOUTH CENTAL AVE.<br>CLAYTON MO 63105 |
| 15 | |
| 16 | CT CORPORATION SYSTEM, Statutory Agent for<br>Parent Company, Citigroup: |
| 17 | 3225 North Central Avenue<br>Phoenix, AZ 85012 |
| 18 | |
| 19 | |
| 20 | /s/ K. Horak |